## MIFFLIN COUNTY.

JULY TERM, 1884, No. 55.                    MAY 28, 1884.

# Grassmyer's Appeal.

1. Leaving a writ of execution at the dwelling-house of a sheriff in his absence is not a delivery to him so as to constitute it a lien upon personalty.

2. *Quære,* as to the effect of, leaving it at his office in the possession of his clerk not a deputy.

[Grassmyer's Appeal.]

3. Telling such a clerk to make a note of it, and to inform the sheriff that it would be delivered at his residence to his wife, followed by such delivery, is not sufficient.

Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ.

Appeal of Abraham Grassmyer from the decree of the Court of Common Pleas of *Mifflin County*, distributing the proceeds of the sheriff's sale of the personal property of Samuel J. Knepp.

The following facts appeared from the depositions submitted to the court below:

On April 3, 1879, Abraham Grassmyer issued a *fi. fa.* to No. 42 of April term, 1879, against Samuel J. Knepp. His attorney, A. Reed, Esq., deposed as follows: "When the writ was issued, I took it to the sheriff's office in the court-house. I there found James S. Rakerd, clerk of the sheriff, and asked him where the sheriff was. He replied he was gone to the country. I asked him if he had any deputy. He said he thought John S. Garrett was deputy. Garrett was in the office at the time. I showed the writ to him, and he said he was not deputized. I then showed the writ again to Mr. Rakerd—told him to take a note of it—and told him to tell the sheriff that I would take it down to his residence and leave it with his wife. I then took the writ to the jail, called for Mrs. Buffington; she came and I gave her the writ; pulled out my watch and told her to note the time. It was a quarter past three. I told her to give it to the sheriff as soon as he would come." On the same day another *fi. fa.* was issued against the same defendant by David A. Hostetter, No. 43 of April term, 1879. As to the service of this writ, George Buffington, the sheriff, deposed as follows: "I was returning home to Lewistown on the evening of that day and met David A. Hostetter, the plaintiff in writ No. 43 above stated, on the road between Reedsville and Belleville. He stopped me and handed me his writ, No. 43. This was at six o'clock, P. M., and I indorsed the time on the writ. I then came home, and when I arrived at the county jail, which was at seven o'clock and fifty minutes in the evening of the same day, I received *fi. fa.* No. 42 above stated, which, I was informed, had been left at my residence at the jail at three o'clock and fifteen minutes that afternoon. I then indorsed the writ as follows: "This writ left at my residence, at the jail, April 3, 1879, at 3 o'clock and 15 minutes, P. M., and received by me personally at 7 o'clock and 50 minutes, P. M., of the same

day," and I indorsed No. 43 as follows : "Received April 3, 1879, at 6 o'clock, P. M." The sheriff further deposed that his regular office was not at the jail, but at the court-house; that he had no deputy at the time, and had no place in the door of the office in which to drop writs, but that parties were in the habit of putting them under the door; that this was the first writ left at his residence whilst he was absent.

The Court, BUCHER, P. J., awarded the fund to be paid to writ No. 43, April term, 1879.

Grassmyer thereupon took this appeal, assigning for error the action of the Court as above.

*A. Reed* for appellant.

Leaving an execution at the office of the sheriff or his residence, where he is accustomed to do business, is a delivery so as to make it a lien prior to all subsequent executions: Mifflin *v.* Will, 2 Yeates, 177 ; Hale's Appeal, 8 Wright, 438 ; Metzler *v.* Kilgore, 3 P. and W., 247.

*D. W. Woods* for appellee.

The sheriff's indorsement is conclusive : Person's Appeal, 28 Smith, 145.

JUNE 9TH, 1884.—PER CURIAM: The leaving of the execution at the dwelling-house of the sheriff in his absence was not a delivery to him. That was not his office, nor was any person authorized to receive it there. If the writ had been left at the sheriff's office in the possession of his clerk at the time it was shown to him, a different question would be presented : Hale's Appeal, 8 Wright, 438. In the present case, however, no possession or control of the writ was there given. Both were retained. Under the unquestioned facts, all that occurred at the office is wholly insufficient to constitute a delivery to or a receipt by the sheriff.

Decree affirmed and appeal dismissed at the costs of the appellant.